# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

ERIC DEAN, ET AL.,                                                   PLAINTIFFS,

VS.                                              CIVIL ACTION NO. 4:04CV281-P-B

MS LIFE INSURANCE COMPANY, ET AL.,                  DEFENDANTS.

## MEMORANDUM OPINION

This matter comes before the court upon Plaintiffs' Motion to Remand and Motion to Abstain [8-1]. Upon due consideration of the motion and the responses filed thereto, the court is prepared to rule.

## I. FACTUAL BACKGROUND

On February 20, 2002, seven plaintiffs filed the present action in the Circuit Court of Humphreys County, Mississippi against the defendant insurance companies for actual, compensatory, and punitive damages asserting causes of action involving their basic claim that the defendants fraudulently required various credit insurance products in connection with the consumer loans borrowed by the plaintiffs when said products were not required to receive the loans and were generally substandard.

After the suit was filed, one of the seven plaintiffs, Annie Miles, filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Mississippi on August 26, 2004. On her bankruptcy schedule, Miles failed to mention her contingent interest in the pending lawsuit.

The defendants removed the instant case to federal court on September 15, 2004. In their Notice of Removal, the defendants argue that this court possesses and should exercise its

1

bankruptcy jurisdiction under 28 U.S.C. §§ 1334 and 1452 because Miles's case against the insurance defendants is "related to" her bankruptcy petition.

On September 27, 2004 the plaintiffs filed their motion to remand arguing that the court should abstain from exercising bankruptcy jurisdiction under either the discretionary abstention or mandatory abstention doctrines pursuant to 28 U.S.C. §§ 1334(c)(1) and 1334(c)(2), respectively.

## II. DISCUSSION

### A. Bankruptcy Jurisdiction

Under 28 U.S.C. § 1334(b), a defendant may remove a case from state court if it arises under, arises in, or is related to a bankruptcy petition. For a case to arise *under* Title 11, the claims asserted must be predicated on a right created by Title 11. *See e.g., In re Chargit, Inc.*, 81 B.R. 243 (Bankr. S.D.N.Y. 1987). Cases arising *in* Title 11 are those not based on any express right of Title 11 but would have no existence outside bankruptcy. *Matter of Wood*, 825 F.2d 90 (5th Cir. 1987). Since the instant case is a state tort action filed before Miles's bankruptcy petition, this case clearly neither arises under nor arises in Title 11.

A case that neither arises under nor arises in Title 11 can nevertheless be properly removed to federal court under § 1334(b) if it is "related to" a bankruptcy proceeding. Determining whether a proceeding is "related to" Title 11 is significant because the district court (either the district judge or the bankruptcy judge) to whom cases have been referred can exercise jurisdiction over both core and noncore proceedings so long as the proceedings are "related to" the underlying bankruptcy case. *Matter of Wood*, *supra*. The statutes do not define "related to" and the courts have articulated various definitions. The Fifth Circuit Court of Appeals recently

held that proceedings "related to" a bankruptcy case include (1) causes of action owned by the debtor which become property of the estate under the Bankruptcy Code, and (2) suits between third parties which have an effect on the bankruptcy estate. *Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001). Similarly, the Seventh Circuit has held that a case is "related to" a bankruptcy proceeding if the dispute affects the amount of property available for distribution or the allocation of property among creditors. *Matter of Xonics, Inc.*, 813 F.2d 127 (7th Cir. 1987).

The court concludes that the instant case is indeed "related to" the plaintiff's pending Chapter 7 bankruptcy petition, which most assuredly should have been mentioned as a contingent interest on her petition, because monies recovered, if any, from this case will be property of her bankruptcy estate. Accordingly, this court does have jurisdiction based on 28 U.S.C. § 1334(b).

**B. Abstention**

The plaintiff argues that even if the court concludes that it possesses bankruptcy jurisdiction over this case, the court should abstain from exercising that jurisdiction based upon the doctrines of mandatory or discretionary abstention.

*1. Mandatory Abstention*

Pursuant to 28 U.S.C. § 1334(c)(2), the court's abstention from exercising bankruptcy jurisdiction is mandatory if (1) a party files a timely motion to abstain; (2) the underlying proceeding is based on state law; (3) the proceeding is related to a case under Title 11 but does not arise under or arise in Title 11; (4) the proceeding is one which could not have been brought in federal court absent the bankruptcy proceeding; and (5) the proceeding is one which can be timely adjudicated in state court. *See e.g., In re S.E. Hornsby & Sons Sand and Gravel Co., Inc.*, 45 B.R. 988 (Bankr. M.D. La. 1985).

3

Ostensibly, the plaintiffs can establish all elements required for mandatory abstention. However, 28 U.S.C. § 157(b)(4) provides that "[n]on-core proceedings under 157(b)(2)(B) of title 28, United States Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2)." As discussed above, the underlying case does not arise in or under Title 11, but rather is only "related to" Title 11. A "related to" case, by definition, is a non-core proceeding. *E.g., Matter of Boughton*, 49 B.R. 312, 315 (Bankr. N.D.Ill. 1985). Therefore, the doctrine of mandatory abstention is inapplicable to the instant case.

*2. Discretionary Abstention*

The doctrine of discretionary abstention can be found in 28 U.S.C. § 1334(c)(1) which states: "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

Through § 1334(c)(1), Congress intended that concerns of judicial convenience and comity should be met by the discretionary exercise of abstention when appropriate, not by rigid limitations on federal jurisdiction. *Matter of Wood*, *supra*. Discretionary abstention may be compelling where a state proceeding sounds in state law and has only a limited connection with the debtor's bankruptcy case. *In re Titan Energy, Inc.*, 837 F.2d 325 (8th Cir. 1988).

Given that the instant case has only a tenuous relationship to the Miles's pending Chapter 7 bankruptcy petition, the court concludes that it will abstain from exercising its bankruptcy jurisdiction in the interests of justice, comity with Mississippi courts, and respect for Mississippi law.

4

## III. CONCLUSION

For the reasons discussed above, the court concludes that Plaintiffs' Motion to Remand and Motion to Abstain [8-1] should be granted and that this case should be remanded to the Circuit Court of Humphreys County, Mississippi from whence it came.  Accordingly, an Order will issue forthwith,

**THIS DAY** of July 21, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE